The State *v.* Van Geison and others.

THE STATE v. RYNIER VAN GEISON ET AL. SURVEYORS OF THE HIGH-WAYS, &c.

Five or even a majority of the surveyors appointed under the act, *Rev. Laws,* 616, as surveyors of highways, may vacate, or lay out a road, if the other surveyor or surveyors had due notice of the time, and place of meeting, and did not attend, or attending, did not concur.

The statute requires personal notice to each of the surveyors appointed, and the omission to give such notice, will vitiate the proceedings of such as receive notice and meet in pursuance thereof.

The State *v.* Van Geison and others.

If one or more of the surveyors be absent, those who are present, before they proceed, should ascertain, whether notice has been given to those, who are absent, and if so, certify the same in their return, if not, they should adjourn to another day, with the consent of the majority, and give written notice of such day, to the absent surveyor or surveyors.

A statutory proceeding affecting the rights of individuals, must be strictly pursued, and where what has been done, is to be certified by the persons executing such special authority, or a record is to be made thereof, and such certificate or record is to conclude the rights of parties, it must appear thereon, that every thing was done, which the statute required.

The return of the surveyors, when it has been duly recorded; establishes the road, and concludes the rights of individuals over whose lands, the road has been laid out.

Evidence, *aliunde* the return itself, cannot help a defective return ; such evidence cannot be placed on the record.

This was a *certiorari* directed to the Court of Common Pleas, removing into this court, the proceedings in a matter of road.

*S. R. Hamilton*, for the plaintiff in *certiorari*.

*Frelinghuysen*, for the defendants.

The opinion of the court, was delivered by

HORNBLOWER, C. J. The road in question was laid out, and the survey and return thereof, made and signed by only *five* of the surveyors. Five, or even a majority of the surveyors, may vacate or lay out a road, provided the other surveyor or surveyors, had due notice of the time and place of meeting, and did not attend, or attending, did not concur. But whether the *sixth* surveyor in this case, was present, and did not concur ; or if absent, whether he had been served with such notice as the law requires, does not appear upon the return. By the 2d *Section* of the statute, *Rev. Laws*, 616, it is enacted that a copy of the appointment shall be served by the applicants or one of them, on each of the surveyors appointed, at least six days prior to the time fixed for their meeting : and that two of the applicants shall, at least, twelve days prior to the said time, set up advertisements at three of the most public places in the township, &c. setting forth the time and place of the meeting of the surveyors. Hence it is manifest, the statute requires a personal notice to each of the surveyors appointed by the court,

and consequently an omission to give such notice to any one or more of them, must vitiate the proceedings of such of the surveyors as may have received notice and met in pursuance thereof. This seems to have been conceded by the counsel for the defendants : for it was not pretended on the argument, that if four or five only of the surveyors had been notified of their appointment, they might meet and lay out a road. Indeed such a doctrine could not be sustained upon any principles. The applicants would, if such were the law, invariably omit to give notice to such one or two of the surveyors, as they knew or supposed to be unfavorable to the application, or more likely to listen to and be influenced by reasonable objections against it. In all doubtful cases, one or two of the most judicious and discreet surveyors, whose opinions and advice would be entitled to weight and influence, would generally be omitted. But it is insisted that it may be shown *aliunde*, that the non-subscribing surveyors, were present, and did not concur ; or if absent, that they had been duly notified of the meeting : and that it need not appear on the face of the return. This I think is a mistake. It is a rule of law too familiar to the profession, and too well settled, to need argument to prove, or cases to support, that a statutory proceeding affecting the rights of individuals, must be strictly pursued; and where what has been done is to be certified by the persons executing such special authority, or a record is to be made thereof, and such certificate or record, is to conclude the rights of parties, it must appear upon the certificate or record that every thing was done which the statute required. *Rex* v. *Croke, Cowp.* 26, 29, *&c ; Rex* v. *Liverpool,* 4 *Burr. R.* 2244 ; *The State* v. *Scott,* 4 *Halst. R.* 17, 21 ; *Turner* v. *The Bank, &c.* 4 *Dall. R.* 8. Let us apply this rule to the case before us. The return of the surveyors when it has been duly recorded, establishes the road, and concludes the rights of individuals over whose lands the road has been laid out. Ought not the court then to see, when the return is objected to, that it shows upon the face of it, a compliance with all the material directions of the statute under which it was made? But upon inspecting this return, it appears that only five surveyors were present and viewed the premises,

I say it so *appears*, because if the contrary was the fact, it is not stated in the return. Then, why was he not there? If it was because he had not been notified of his appointment as the law directs, the proceedings were certainly unlawful. If it was now proved to the satisfaction of this court, by affidavits or otherwise, that the sixth surveyor had due notice and did not attend, or that he was in fact present and did not concur, such evidence would show that the law had been complied with, but it would not legalise the return. That would remain defective. If the evidence *aliunde* could be put on the record and made a part of the return, it might be sufficient. But that cannot be done. The return itself, and alone, is to be recorded; and then to all future time it will appear *by the record*, that a road was laid out by only five surveyors, in the absence of the sixth, without showing at the same time that he had been notified of his appointment.

It is true, the 5th Section does not require the surveyors who meet, to enquire whether the absent surveyor or surveyors have had notice, although it does make it their duty to ascertain whether advertisements have been put up as the law directs, and declares that their decision shall be final and conclusive in that matter. But it does not follow, that if only four surveyors meet, they may proceed and lay out a road, without first ascertaining and being satisfied by proper proof that their colleagues had been duly notified of the time and place of meeting. If no such notice has in fact been given to them, the four who meet, have no jurisdiction to proceed and vacate or lay out a road. If the surveyors are all present, but one or two of them do not concur with the majority, the fact of their being present ought to appear on their return; and if they do not all attend, those who do meet, ought to inquire and ascertain whether their absent colleagues had notice of the time and place of meeting, before they proceed to lay out a road. If they had notice and have failed to attend, those who have met, if at least four in number, may proceed; and their return should show that the absent surveyor or surveyors had been duly notified, and did not attend. If no notice has been given to the absent surveyors, those who do meet may with the consent of a

majority of the applicants, adjourn to another day, of which, written notice must be given to such absent surveyors. *Rev. Laws*, 620, *Sect.* 11. The return must be vacated and set aside.

FORD, J. and RYERSON, J. concurred.

*The return vacated.*

CITED in *N. J. R. R. & Tr. Co.* v. *Suydam*, 2 *Harr.* 32 ; *State* v. *Lord*, 2 *Dutch.* 142.